**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:23-cv-20209-KMM

KENNETH B ALLEN JR.,

    Plaintiff,

v.

KILOLO KIJAKAZI,
*Acting Commissioner of Social Security*,

    Defendant.
_____ /

**REPORT AND RECOMMENDATIONS**

**THIS CAUSE** is before the Court upon Plaintiff Kenneth B Allen Jr.'s Unopposed Motion for Attorney Fees (ECF No. 21) (the "Motion"), pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). No response to the Motion has been filed and the time to do so has passed. The Motion was referred to the undersigned by the Honorable K. Michael Moore, United States District Judge, to take all necessary and proper action as required by law with respect to the Motion. (ECF No. 22). Having reviewed the Motion, the record as a whole, and being otherwise fully apprised in the matter, the undersigned respectfully **RECOMMENDS** that Plaintiff's Motion be **GRANTED** as further set forth below.

**I.   DISCUSSION**

    **A.   Entitlement**

Plaintiff filed the instant Motion under the EAJA seeking $3,171.83 in attorney's fees. The EAJA empowers the Court to grant "reasonable fees and expenses of attorneys." *McCullough v. Astrue*, No. 08-61954-CIV, 2009 WL 2461798, at \*1 (S.D. Fla. Aug. 10, 2009). Under the EAJA,

a party is eligible for an award of attorney's fees if: (1) the party is a prevailing party in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the party timely files an application for attorney's fees; (4) the party had a net worth of less than $2 million at the time the complaint was filed; and (5) there are no special circumstances which would make the award of fees unjust. 28 U.S.C. § 2412(d). Plaintiff has satisfied these requirements.

The United States Supreme Court has acknowledged that a Social Security claimant who obtains a sentence-four order reversing the Commissioner of Social Security's denial of benefits is a prevailing party for purposes of the EAJA. *Shalala v. Schaefer*, 509 U.S. 292, 301–02 (1993) (finding that a sentence-four remand terminates the litigation and results in victory for the plaintiff). On April 25, 2023, the District Court granted the Acting Commissioner's unopposed Motion for Entry of Judgment Under Sentence Four of 42 U.S.C. § 405(g) with Remand of the Cause to Defendant (ECF No. 19), remanding this case to the Acting Commissioner to offer Plaintiff an opportunity for a new hearing to further consider the medical evidence, take any other administration action deemed necessary, and issue a new decision. *See* (ECF No. 20). Accordingly, Plaintiff is a prevailing party under the EAJA because he has obtained a sentence-four remand.

Next, the Court determines whether the Acting Commissioner's position was substantially justified or whether circumstances exist which would make an award of fees unjust. 28 U.S.C. § 2412(d)(1)(A). "To be 'substantially justified' under the EAJA, the government's position must be 'justified to a degree that could satisfy a reasonable person,'" meaning that it must have a "reasonable basis both in law and fact." *Monroe v. Comm'r*, 569 F. App'x 833, 834 (11th Cir. 2014). Given the unopposed nature of the instant Motion, the Court finds that the Acting

Commissioner has not met her burden of showing that her position was substantially justified.

Moreover, Plaintiff timely filed his Motion, which the Acting Commissioner does not oppose.[1] And pursuant to Plaintiff's Motion and *in forma pauperis* status, *see* (ECF Nos. 10, 21), the Court accepts Plaintiff's net worth to be less than $2,000,000.00.

Accordingly, the Court finds that Plaintiff is entitled to an award of attorney's fees under the EAJA.

### B.      Amount of the Award

Plaintiff through his attorney, Heather Freeman, Esq., seeks $3,171.83 in attorney's fees for 13.5 hours of work performed in 2023. Plaintiff seeks reimbursement at the 2022 inflation-adjusted hourly rate of $234.95. Although the EAJA sets a ceiling of $125.00 per hour for attorney's fees, courts may raise the ceiling based on cost-of-living increases. *See* 28 U.S.C. § 2412(d)(2)(A)(ii). "The Eleventh Circuit has made clear that the application of the cost-of-living adjustment is considered 'next to automatic.'" *Lopez for Diaz*, 2022 WL 18108509, at *3 (quoting *Meyer v. Sullivan*, 958 F.2d 1029, 1035 n.9 (11th Cir. 1992)). The Court has independently calculated the inflation-adjusted hourly rate as $234.95 for 2022, accounting for the Consumer Price Index.[2] Because Plaintiff seeks reimbursement at the lower 2022 inflation-adjusted hourly

---

[1] "An EAJA request is timely if made within 30 days of the final judgment, which, if no appeal is taken, is 90 days from the judgment's entry." *Lopez for Diaz v. Kijakazi*, No. 21-CV-23765, 2022 WL 18108509, at *2 (S.D. Fla. Dec. 20, 2022), *report and recommendation adopted*, No. 21-23765-CIV, 2023 WL 34674 (S.D. Fla. Jan. 4, 2023) (Damian, Mag. J.) (quoting *Delaney v. Berryhill*, No. 17-81332, 2018 WL 7820219, at *1 (S.D. Fla. Nov. 14, 2018)); *see also* 28 U.S.C. § 2412(d)(1)(B), (d)(2)(G); *Melkonyan v. Sullivan*, 501 U.S. 89, 96 (1991) ("The 30-day EAJA clock begins to run after the time to appeal that 'final judgment' has expired."). While a final judgment has not yet separately issued, the instant Motion was timely filed on June 27, 2023, within 90 days after the Court's April 25, 2023 Order of remand.

[2] The adjusted rate is determined using the following formula, which represents the percent increase in the CPI from March 1996, applied to the statutory rate:

"Adjusted Statutory Cap" = ((("Annual CPI for the relevant year" – 155.7)/155.7) + 1) x $125.00

where "155.7" represents the March 1996 CPI rate and "$125" represents the statutory rate under the EAJA. *Barbee v. Berryhill*, 339 F. Supp. 3d 1262, 1270 n.4 (N.D. Ala. 2018); *see also Fernandez v. Kijakazi*, No. 22-22724-CIV, 2023 WL 2898509, at *2 n.1 (S.D. Fla. Mar. 31, 2023), *report and recommendation adopted sub nom. Fernandez v.*

rate for work performed in 2023, which would otherwise support a higher inflation-adjusted rate than that requested, the Court finds reasonable the requested rate of $234.95.[3]

Plaintiff's counsel provided a worklog documenting the 13.5 hours of time spent working on Plaintiff's case. The undersigned finds Plaintiff's request for attorney's fees to be reasonable in light of Plaintiff's request for an award of fees at a lower inflation-adjusted rate and counsel's appearance in this case following Plaintiff's initial *pro se* appearance.

Moreover, the undersigned finds that the award of attorney's fees under the EAJA should be paid directly to Plaintiff's counsel, subject to offset against any pre-existing debt Plaintiff may owe to the United States of America. The Acting Commissioner has not objected to the assignment or to Plaintiff's instant Motion. *See Romero v. Comm'r of Soc. Sec.*, No. 1:21-CV-22246, 2022 WL 2289222, at *4 (S.D. Fla. June 14, 2022), *report and recommendation adopted*, No. 21-22246-CIV, 2022 WL 2290578 (S.D. Fla. June 24, 2022).

## II.  RECOMMENDATIONS

Accordingly, having considered the Motion, the record as a whole, and being otherwise fully advised, the undersigned respectfully

**RECOMMENDS** that

(1)  Plaintiff Kenneth B Allen Jr.'s Unopposed Motion for Attorney Fees (ECF No. 21), pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), be **GRANTED**; and,

(2)  Plaintiff Kenneth B Allen Jr. be awarded a total of **$3,171.83** in attorney's fees, to

---

*Acting Comm'r of Soc. Sec.*, No. 22-22724-CIV, 2023 WL 2895156 (S.D. Fla. Apr. 11, 2023) (Goodman, Mag. J.); U.S. Bureau of Labor Statistics, CPI-All Urban Consumers (Current Series), http://data.bls.gov/cgi-bin/surveymost?bls (check the box for "include annual averages"). Applied here, the annual CPI for 2022 is 292.655. Subtracting the March 1996 CPI of 155.70 from the 2022 annual CPI of 292.655, dividing by 155.70, adding 1, and multiplying by 125, the Court calculates the adjusted hourly rate for 2022 as $234.95.

[3]  Counsel performed the majority of her work on this case during the first 4 months of 2023. The average CPI for the first 4 months of 2023 is greater than the annual CPI for 2022 (301.302 versus 292.655); therefore, the adjusted rate for 2023 is greater than the $234.95 rate requested.

be paid to Plaintiff's counsel, contingent upon a determination by Defendant that Plaintiff owes no qualifying debt(s) to the United States of America.

A party shall serve and file written objections, if any, to this Report and Recommendations with the Honorable K. Michael Moore, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, on this 13th day of July, 2023.

_____
LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE

cc:   Honorable K. Michael Moore
      Counsel of Record