UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:23-cv-20209-KMM

KENNETH B. ALLEN, JR.,

    Plaintiff,

v.

KILOLO KIJAKAZI,
*Acting Commissioner of the
Social Security Administration*,

    Defendant.
                               /

## ORDER ON REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Plaintiff's Unopposed Motion for Attorney Fees Pursuant to the Equal Access to Justice Act. ("Motion" or "Mot") (ECF No. 21). The matter was referred to the Honorable Lauren Fleischer Louis, United States Magistrate Judge. (ECF No. 22). On July 13, 2023, Judge Louis issued a Report and Recommendation, ("R&R") (ECF No. 23), recommending that the Motion be GRANTED. No objections to the R&R were filed, and the time to do so has now passed. The matter is now ripe for review. As set forth below, the Court ADOPTS the R&R.

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3). The Court "must consider *de novo* any objection to the magistrate judge's recommendation." Fed. R. Crim. P. 59(b)(3). A *de novo* review is therefore required if a party files "a proper, specific objection" to a factual finding contained in the report. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). "It is critical that the objection be sufficiently specific and not a general

objection to the report" to warrant *de novo* review. *Id.* Yet when a party has not properly objected to the magistrate judge's findings, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Keaton v. United States*, No. 14-21230-CIV, 2015 WL 12780912, at *1 (S.D. Fla. May 4, 2015); *see also Lopez v. Berryhill*, No. 17-CV-24263, 2019 WL 2254704, at *2 (S.D. Fla. Feb. 26, 2019) (stating that a district judge "evaluate[s] portions of the R & R not objected to under a clearly erroneous standard of review" (citing *Davis v. Apfel*, 93 F. Supp. 2d 1313, 1317 (M.D. Fla. 2000))).

In her R&R, Judge Louis concludes that: (1) Plaintiff's counsel is entitled to an award of attorneys' fees under the EAJA, *see* R&R at 2–3; (2) the $234.95 hourly rate sought by Plaintiff's counsel is reasonable given applicable inflation and cost-of-living-adjustments, *see id.* at 2–3; (3) the number of and underlying reasons for counsel's billable hours on the case were reasonable, *id.* at 3–4; and (4) $3,171.83 should be paid to Plaintiff's counsel once Defendant determines that Plaintiff owes no qualifying debts to the Government, *id.* at 4–5. This Court agrees.

Accordingly, UPON CONSIDERATION of the Motion, the R&R, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Judge Louis's R&R (ECF No. 23) is ADOPTED. Plaintiff's Motion (ECF No. 21) is GRANTED. Plaintiff is awarded $3,171.83 in attorney's fees, to be paid to Plaintiff's counsel once the U.S. Department of the Treasury determines that Plaintiff owes no debt to the United States.

DONE AND ORDERED in Chambers at Miami, Florida, this __2nd__ day of August, 2023.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record